IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID LAMAR HOLLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv774-CSC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. Also pending before the court is the Commissioner's motion to remand (doc. # 18) filed on May 1, 2009.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

In his motion to remand, the Commissioner asks the court to remand this action so the Appeals Council can "remand the case to an ALJ who will evaluate the credibility of Plaintiff's subjective complaints in accordance with 20 C.F.R. § 404.1529, Social Security Ruling 96-7p, and applicable Eleventh Circuit case law. The ALJ will issue a new decision based on the development on remand."[2] (Def's Mot. to Reverse and Remand at 1). The plaintiff objects to the motion to remand asserting that

> the ALJ already had an opportunity to properly evaluate the testimony [the plaintiff] provided at his administrative hearing and the ALJ's misapplication thereto requires that his testimony be accepted **true as a matter of law**.

(Pl's Res. to Def's Mot. to Remand at 1). The plaintiff asserts that taking his testimony as true, he is entitled to an award of benefits as a matter of law. (*Id*. At 3). The Commissioner concedes in his reply that the "Administrative Law Judge's (ALJ's) decision was flawed because the ALJ did not fully address the credibility of Plaintiff's subjective complaints." (Def's Res. to Pl's Res. to Def's Mot. to Remand at 1). However, the Commissioner argues that "further factual findings are necessary" to properly adjudicate the plaintiff's disability claim. (*Id.*). Based on the court's review of the motion to remand and the administrative record as well as the plaintiff's objections and arguments of the parties, the court concludes that the Commissioner's motion to remand is due to be granted and this case must be reversed and remanded with directions to award benefits.

---

[2] Pursuant to 42 U.S.C. § 405(g), this court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for rehearing.

## DISCUSSION

The Commissioner argues that remand is necessary for an ALJ to properly "evaluate the credibility of Plaintiff's subjective complaints" in accordance with the law of this Circuit. The Commissioner concedes that the ALJ did not "fully address the credibility of Plaintiff's subjective complaints," and thus, his decision is "flawed." (Def's Res. to Pl's Res. to Def's Mot. to Remand at 1). However, the Commissioner takes the position that a remand is necessary so that the ALJ can "more fully evaluate the credibility of Plaintiff's subjective complaints." (*Id*. at 2). According to the Commissioner, the court is not required to accept the plaintiff's testimony as true because the ALJ considered the medical evidence in discounting the plaintiff's testimony. (*Id*.)

The plaintiff argues that "the ALJ's misapplication of the pain standard and **inadequate reasons** for attempting to discredit [the plaintiff's] objectively <u>confirmed</u> pain testimony requires that it be accepted as a matter of law under the well-established rule of law citied in *Karasek [v. Astrue*, 2009 WL 692191, *3 (M.D. Ala. March 13, 2009)]." (Pl's Res. to Def's Mot. to Remand at 3) (emphasis in original). Taking his testimony as true, coupled with the testimony of the vocational expert in this case, the plaintiff argues he is disabled and entitled to an award of benefits.

In this circuit, the law is clear. The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from

that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). If the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Commissioner has, as a matter of law, accepted the testimony as true. This rule of law is well-established in this circuit. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991); *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991)*; Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986).

In this case, the ALJ concluded that the plaintiff suffers severe impairments of "marked spondylolithesis of the L5 on the S1 and marked degenerative disc disease of the intervertebral disc between the L5-S1 with right paracentral herniation of the intervertebral disc." (R. 17). X-rays and a MRI confirm the existence of spondylolisthesis at L5-S1. A June 10, 2005, MRI established the following conditions.

1. Marked (two degrees) spondylolisthesis of L5 on S1 and spondylolysis of the pars interarticularis of the fifth lumbar vertebra bilaterally.
2. Marked degenerative disc disease of the intervertebral disc between L5-S1, and postero-central and right paracentral herniation of this intervertebral disc. However see discussion above.[3]
3. Mild spinal stenosis and marked lateral recess stenosis bilaterally at the level of the intervertebral disc between L5-S1.
4. Mild to moderate osteoarthritic changes of the interarticular joints of the lumbosacral spine with the more pronounced osteoarthritic changes involving the interarticular joints between L5-S1.

(R. 100-01). X-rays on June 30, 2005, confirm "Grade II to III spondylolisthesis." (R. 103-

---

[3] The discussion above refers to the possibility of a "prominent osteophyte" at this location.

04).

After reciting the law and describing the medical evidence, the ALJ acknowledged that Holloway has impairments that would reasonably be expected to produce the type of pain about which he complains but the ALJ concluded that Holloway's testimony was "not entirely credible." (R. 21). In discrediting Holloway's testimony, the ALJ said only the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> The undersign does not dispute the MRI findings; however, testing disclosed the claimant was able to heel toe walk; there was a negative straight leg raise, no muscle wasting or Murphy's abnormality.

(R. 21).

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate *reasons* for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 D.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote*, 67 F.3d at 1562, *quoting Tieniber v. Heckler*, 720 F.2d 1251,

5

1255 (11th Cir 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

The Commissioner concedes that the ALJ's decision is "flawed because the ALJ did not fully address the credibility of Plaintiff's subjective complaints." (Def's Res. to Pl's Res. to Def's Mot. to Remand at 1). In fact, the ALJ wholly failed to articulate any reason for discounting the plaintiff's credibility and his pain testimony. Rote recitation of the medical evidence is not a substitute for articulating clear reasons for discrediting the plaintiff. The ALJ's listing of the plaintiff's ability to heel toe walk, his negative straight leg raising and the absence of two symptoms are not reasons; they are facts. And it is not at all obvious to the court that these facts are sufficient to discredit the plaintiff's testimony about the severity of his pain. The facts recited by the ALJ might support reasons, but the ALJ did not articulate those reasons. In this circuit, the Commissioner does not get a second chance to try and get the credibility determination right. *See Hale*, 831 F.2d at 1012 (the Eleventh Circuit remanded the case for an award of benefits, not a proper credibility determination.) Thus, because the ALJ did not articulate any reasons for discounting the plaintiff's pain testimony, as a matter of law, his pain testimony must be accepted as true.

The plaintiff testified during the administrative hearing that he is "in pain all the time." (R. 136). He further testified that he can't sit for extended periods of time; he can only walk for 50 yards; that he has "pain across [his] hips and down in [his] right leg if [he] stand[s] there for 15 minutes or more." (R. 139-40). He further testified that he is taking

6

Flexeril and Lorcet for pain, and that he has to lay down to ease the pain. (R. 138-39).

The vocational expert in this case testified that if the plaintiff's pain testimony is fully credited, he is disabled.

> Q: Mr. Miller, if Judge Ryan take (sic) the claimant's testimony as fully credible would he be able to perform any work in the national economy?
>
> A: Based on Mr. Holloway's testimony regarding his inability really to perform pretty much the most basic activities of daily living, I would say not.

(R. 151).

Because there is objective medical evidence in the record that demonstrates the existence of a condition that could reasonably be expected to give rise to the Holloway's pain, and his testimony about his pain has, as a matter of law, been accepted as true by the Commissioner, the court concludes that Holloway is disabled and entitled to an award of benefits. *Hale*, 831 F.2d at 1012. *See also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988) (failure to apply the correct legal standards is grounds for reversal and an award of benefits).

## Conclusion

For the reasons as stated, the court concludes that it is appropriate to reverse the decision of the Commissioner so that benefits may be awarded to the plaintiff. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (reversal with award of benefits appropriate where the Commissioner has already considered the essential evidence and it is clear that the

evidence establishes disability without any doubt); *See also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988) ( failure to apply the correct legal standards is grounds for reversal and an award of benefits).

Accordingly, it is

ORDERED that the Commissioner's motion to remand be and is hereby GRANTED. This case will be reversed and remanded to the Commissioner with directions for an award of benefits.

A separate order will be entered.

Done this 22nd day of September, 2009.

                                            /s/Charles S. Coody
                                            CHARLES S. COODY
                                            UNITED STATES MAGISTRATE JUDGE